

```
                                              FILED
                                          FEB - 6 2007
                                    UNITED STATES BANKRUPTCY COURT
                                    EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>BETSEY WARREN LEBBOS,<br><br>      Debtor.<br>_____<br>GEORGE ALONSO,<br>      Plaintiff,<br>v.<br><br>BETSEY WARREN LEBBOS,<br><br>      Defendant.<br>_____ | Case No. 06-22225-D-7<br><br><br><br><br><br><br>Adv. Proc. No. 06-2314<br>Docket Control No. BWL-3 |

**MEMORANDUM DECISION DENYING EX PARTE APPLICATION
FOR ORDER STAYING ADVERSARY PROCEEDING PENDING APPEAL,
<u>PRESENTATION OF DISQUALIFICATION ISSUES, AND CHANGE OF VENUE</u>**

On January 29, 2007 Betsey Warren Lebbos (the "Debtor") filed an Ex Parte Application for Stay of Adversary Proceeding Pending Appeal, Presentation of Disqualification Issues, and Change of Venue (the "Stay Application"). Although it is not crystal clear in the Stay Application what the Debtor is seeking to stay, the caption of the Stay Application contains an adversary proceeding number and the court concludes that the Debtor is seeking to have the court stay further prosecution of the Complaint to Determine Dischargeability of Debt for Willful and Malicious Injury Pursuant to 11 U.S.C. § 523(c)(6)) bearing



Adversary Proceeding No. 06-2314-D-7 (the Dischargeability Complaint").

In part the Stay Application asserts a stay of the Dischargeability Complaint is warranted because the Debtor represents herself in pro se. The Dischargeability Complaint was filed back on September 15, 2006 and the Debtor filed an answer in pro se on November 21, 2006. The Debtor is an attorney, and as such has a legal education and in the past was a practicing attorney. The Debtor has always represented herself in the Dischargeability Complaint and has had close to four months to retain counsel if she wished to do so.

In determining whether to stay an order or proceeding, the courts in the Ninth Circuit apply the standard employed when considering a motion for preliminary injunction. See, Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). This standard requires that the movant demonstrate either, (1) a combination of probable success on the merits, and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and a balance of hardship tipping sharply in favor of the movant. Cadance Design Sys., Inc. v. Avant! Corp., 125 F.3d 824, 826 (9th Cir. 1997).

The Stay Application does not discuss the merits of the Dischargeability Complaint, let alone demonstrate that the Debtor will probably be successful in defending the action, and although the Debtor asserts irreparable harm, the Debtor fails to state the specific harm that will result if prosecution of the Dischargeability Complaint is not stayed. The Debtor also fails to discuss the existence of serious questions going to the merits

of the Dischargeability Complaint, and that in balancing the hardships they tip sharply in favor of the Debtor. As such, the Stay Application fails to establish the elements necessary for a stay under the Federal Rules of Bankruptcy Procedure, Rule 8005.

Accordingly, the court denies the Stay Application and the court will issue an order consistent with this Memorandum.

Dated:  FEB - 6 2007

*Robert Bardwil*
Robert S. Bardwil, Judge
United States Bankruptcy Court

3

## Certificate of Service

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

George Alonso
357 W Main St., #203
Merced, CA 95340

Betsey Warren Lebbos
P.O. Box 197
New Almaden, CA 95042

DATED: February 6, 2007

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _Andrea Lovgren_
      Deputy Clerk