

FILED

MAY 2 1 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | ) Case No. 06-22225-D-7 |
| | ) |
| BETSEY WARREN LEBBOS, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| GEORGE ALONSO, | ) Adv. Proc. No. 06-2314 |
| Plaintiff, | ) Docket Control No. BWL-7 |
| v. | ) |
| | ) |
| BETSEY WARREN LEBBOS, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

### MEMORANDUM DECISION DENYING EX PARTE APPLICATION FOR STAY OF PROCEEDINGS PENDING THREE APPEALS

Betsey Warren Lebbos is the debtor in the above-captioned bankruptcy case and the defendant in the above-captioned adversary proceeding. She will be referred to in this memorandum as "the Debtor." On April 24, 2007, the Debtor filed in the bankruptcy case an Ex Parte Application for Stay of Proceedings Pending Three Appeals ("the First Application"), in which she made reference to certain orders previously issued in the bankruptcy case and to certain issues in this adversary proceeding.

On May 1, 2007, the court issued an order denying the First Application, and outlined its reasons in a memorandum decision filed the same day.

On May 8, 2007, the Debtor filed in this adversary proceeding an Ex Parte Application for Stay of Proceedings Pending Three Appeals ("the Application"), in which she seeks a stay of this adversary proceeding pending her appeals from this court's denial of (1) her request to terminate the appointment of the Trustee and Trustee's Counsel, (2) her request to disqualify the undersigned, and (3) her motion to change venue.  She also seeks a stay due to her perceived likelihood of success of her motion to dismiss her bankruptcy petition, which had been set for hearing on May 9.

The Debtor cites as authority 11 U.S.C. § 105(a), governing the court's general powers, and Federal Rule of Bankruptcy Procedure 8005, governing the stay of particular orders pending appeal.  The Debtor cites no authority for a stay of this adversary proceeding as a whole.  This type of relief appears to be governed by 11 U.S.C. § 305(a), under which the court may, in certain circumstances, suspend all proceedings in a case under the Bankruptcy Code.  The court will therefore take the application as a request for relief under that section, and will deny the application on the basis that section 305(a) requires "notice and a hearing," and the Debtor has not noticed this matter for hearing.[1]

---

1.  The court construes "notice and a hearing" in this instance, pursuant to 11 U.S.C. § 102, to mean a hearing noticed pursuant to Local Bankruptcy Rule 9014-1.

To the extent that the Debtor seeks a stay of the orders from which she has appealed, under Federal Rule of Bankruptcy Procedure 8005, the court is no more persuaded by the arguments offered in the present application than when it ruled on the First Application. Thus, the court adopts the reasoning on which it based its denial of the First Application, and concludes that the Debtor has not demonstrated both (1) that she is likely to succeed on the merits of her appeals and (2) that the absence of a stay creates the possibility of irreparable injury to her. Similarly, she has not shown the existence of serious questions going to the merits of her appeals, and has failed to show that a balancing of the hardships tips in her favor.

Finally, to the extent that the Debtor relies on her motion to dismiss the bankruptcy case, set for hearing on May 9, 2007, that motion was denied by minute order dated May 11, 2007, and therefore, offers no basis on which to stay this adversary proceeding.[2]

Accordingly, the court denies the Application, and will issue an order consistent with this memorandum.

Dated: May 21, 2007

_Robert Bardwil_

ROBERT S. BARDWIL
United States Bankruptcy Judge

---

2.    The pre-hearing disposition of that motion advised the parties that the motion would be denied for the following reasons: (1) the Debtor had not served creditors, as required by Federal Rule of Bankruptcy Procedure 2002(a)(4), (2) the Debtor had not filed a separate notice of hearing, as required by Local Bankruptcy Rule 9014-1(d)(2), and (3) the Debtor had not provided proper notice of the time period for filing opposition, as required by Local Bankruptcy Rule 9014-1(f)(1)(ii).

# CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 197
New Almaden, CA 95042

George Alonso, Jr.
357 W Main Street, #203
Merced, CA 95340

Jeralyn Spradlin
500 E Calaveras Blvd., #203
Milpitas, CA 95035

DATE: May 21, 2007                     _____
                                                    Deputy Clerk