

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**FILED**
FEB 28 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BETSEY WARREN LEBBOS,<br><br>        Debtor.<br>_____<br>GEORGE ALONSO,<br>        Plaintiff,<br>v.<br><br>BETSEY WARREN LEBBOS, et al.,<br><br>        Defendants.<br>_____ | Case No. 06-22225-D-7<br>Docket Control No. [none]<br><br><br><br><br>Adv. Proc. No. 06-2314 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM DECISION DENYING MOTION FOR A STAY**
**OF PROCEEDINGS PENDING DETERMINATION OF APPEALS**

On February 22, 2008, Betsey Warren Lebbos ("the Debtor") filed a Motion for a Stay of Proceedings Pending Determination of Appeals in Ninth Circuit, Federal Court, and Bankruptcy Appellate Panel Concerning Policy and Practice of Discrimination Against the Disabled in the Eastern District Bankruptcy Court ("the Motion") in this bankruptcy case. On the same day, the Debtor filed similar motions in the three adversary proceedings presently pending in this bankruptcy case, <u>Schuette v. Lebbos</u>, Adv. No. 07-2006, <u>Alonso v. Lebbos</u>, Adv. No. 06-2314, and <u>UST v. Lebbos</u>, Adv. No. 08-02072. Each of the motions refers to certain appeals from earlier orders of this court presently pending

before the District Court, Ninth Circuit Bankruptcy Appellate Panel or the Ninth Circuit Court of Appeals.

The Debtor has appealed from numerous orders in this case including orders denying her motions to terminate the appointment of the trustee in this case and her counsel, to dismiss this case, to transfer the venue of this case, and to disqualify the undersigned as the bankruptcy judge in this case. As a defendant in <u>Schuette v. Lebbos</u>, the Debtor has appealed from orders denying her motions to disqualify the undersigned, to dismiss the adversary proceeding, to transfer venue, and granting trustee's motion for terminating sanctions. Finally, as the defendant in <u>Alonso v. Lebbos</u>, the Debtor has appealed from orders denying her motions to disqualify the undersigned, to transfer venue, and for summary judgment.

The Bankruptcy Appellate Panel has issued rulings in a number of these appeals; it appears the Debtor has appealed a number of the Panel's rulings to the Ninth Circuit Court of Appeals. Still, it appears other appeals remain pending before the District Court.

The Motion is brought pursuant to Federal Rule of Bankruptcy Procedure 8005. It is not at all clear that the Debtor is requesting a stay of enforcement of any particular order on appeal. Rather, from the Motion, it appears more likely that the Debtor seeks a stay of the proceedings as a whole; that is, a

/ / /
/ / /
/ / /
/ / /

stay of all proceedings in the bankruptcy case and in the three adversary proceedings.[1]  Motion at 2:15-16 and 19:19-20.

Either way, the court concludes that the Debtor's arguments have previously been presented in great detail, not only in the substantive motions themselves, but in prior motions for a stay pending appeal, that the court has carefully considered and sometimes reconsidered those arguments, together with the evidence presented by the Debtor, and that nothing in the present Motion persuades the court (1) that the Debtor is likely to succeed on the merits of her appeals and (2) that the absence of a stay creates the possibility of irreparable injury to her. Similarly, she has not shown the existence of serious questions going to the merits of her appeals or her intended motion, and has failed to show that a balancing of the hardships tips in her favor.  See Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988); Cadance Design Sys. v. Avant! Corp., 125 F.3d 824, 826 (9th Cir. 1997).

Accordingly, the court will deny the Motion.

Dated: February 28, 2008

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

---

1. Pursuant to Fed. R. Bankr. P. 8005, a bankruptcy judge may suspend or allow the continuation of other proceedings in the case during the pendency of an appeal from a particular order.

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 41306
Long Beach, CA 90853-1306

Jason Gold
17091 Elm Street, Suite 3
Huntington Beach, CA 92646

Thomas Carter
P.O. Box 41175
Long Beach, CA 90853

George Alonso, Jr.
357 W Main Street, #203
Merced, CA 95340

Jeralyn Spradlin
500 E Calaveras Blvd., #203
Milpitas, CA 95035

DATE: February 28, 2008

_____
Andrea Lovgren